# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1072**                           **September Term, 2023**

**SEC-Rel34-96381**

**Filed On:** December 5, 2023

Manoranjan Rao,

       Petitioner

    v.

Securities and Exchange Commission and
Vanessa Ann Countryman, Secretary,

       Respondents

## ON PETITION FOR REVIEW OF AN ORDER OF THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**      Millett, Pillard, and Garcia, Circuit Judges

## J U D G M E N T

This petition for review of an order of the Securities and Exchange Commission ("SEC") was considered on the briefs and appendix filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. Petitioner has not shown that the SEC's November 28, 2022 order denying his whistleblower award application was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 15 U.S.C. § 78u-6(f); 5 U.S.C. § 706(2). The declarations submitted by agency attorney Michael Franck explain that the whistleblower information submitted by petitioner did not in any way assist or contribute to the covered action. Petitioner has provided no persuasive reason to question these assertions. See Doe v. SEC, 846 F. App'x 1, 4 (D.C. Cir. 2021). In addition, petitioner has not provided a valid basis for this court to require the SEC to produce a "voice file" of a telephonic conversation that petitioner contends took place between him and an SEC employee in 2016. While petitioner alleges that the conversation was recorded, he provides no basis for the court to conclude that he was entitled to such a recording under 17 C.F.R. § 240.21F-12, or that such a recording was part of the record before the SEC when it denied his whistleblower award application. See Env't Def. Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."). Nor has petitioner made the "strong showing of bad faith or improper behavior" that is necessary to justify extra-record discovery. Dep't of Commerce v. New York, 139 S. Ct. 2551, 2573-74 (2019) (quotation marks omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**